NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1002

C.F.

vs.

J.F.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

J.F. (mother) appeals from an amended judgment of divorce nisi. On appeal she contends that the judge erred in awarding C.F., the father and former husband, legal custody and primary physical custody of their daughter, and erred in dividing the marital estate. We affirm.

1. Custody. On appeal, the mother, who appeared pro se at trial and in this court,[1] maintains that she was a victim of domestic violence in the marriage, that the father's conduct had an adverse impact on the child, and that she should be awarded sole legal and physical custody of the child. The father testified that an ex parte abuse prevention order had issued

_____

[1] At the outset of the litigation the mother was represented by counsel. That attorney, and two others, withdrew with the permission of the judge.

previously, and was extended once by agreement, but that he had not hit or assaulted the mother. The mother testified that she had been hit and punched, and that she was in fear of the father. The trial judge, who also was the judge who issued the ex parte and extension orders, did not explicitly resolve the credibility issue presented by the diverging testimony regarding abuse. In the judgment, the judge noted that there was no extant abuse prevention order at the time of trial and stated that the mother had not established grounds for divorce on the basis of cruel and abusive treatment.

The judge awarded sole legal and primary physical custody to the father for the reason, among others, that the mother had moved and enrolled the child in a different school system without informing the father or the court, and that the mother interposed this and other obstacles to effective communication between the parents. The judge found that shared legal custody was not in the child's best interests, and that her best interests were served by remaining in the community to which she was accustomed with the father as her primary caregiver. See generally Macri v. Macri, 96 Mass. App. Ct. 362, 370 (2019) (discussing breakdown in communications as obstacle to shared parenting).

After oral argument we remanded the case for findings regarding domestic violence in accordance with Malachi M. v.

2

Quintina Q., 483 Mass. 725, 738-740 (2019), and Custody of Vaughn, 422 Mass. 590, 599-600 (1996), and retained jurisdiction over the appeal. On remand, the judge entered additional findings, which we now have before us. We review the judge's findings for clear error, and his determination of custody for an abuse of discretion. See Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015). "The determination of which parent will promote a child's best interests rests within the discretion of the judge . . . [whose] findings . . . must stand unless they are plainly wrong" (quotation omitted). Hunter v. Rose, 463 Mass. 488, 494 (2012). The touchstone of our inquiry is the best interest of the child. Id. See G. L. c. 208, § 31.

In his supplemental findings the judge found that the mother's allegations of violence were not credible, and that the father was not physically abusive during the marriage. The judge further credited the father's account of the mother's "erratic and volatile behavior." The judge's credibility determinations are entitled to deference, and we will not disturb them. Malachi M., 483 Mass. at 741. See J.S. v. C.C., 454 Mass. 652, 657 (2009), quoting Mason v. Coleman, 447 Mass. 177, 186 (2006) ("Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses"). See also Mass. R. Dom. Rel. P. 52 (a). We cannot

3

say that the judge abused his discretion in awarding sole legal custody and primary physical custody to the father.

The mother also appears to make a general argument regarding her fitness as a parent by reference to a report of a guardian ad litem. The report was not admitted in evidence at the trial and is not part of the record before us. See Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007). The mother also argues that we should apply the real advantage test articulated in Yannas v. Frondistou-Yannas, 395 Mass. 704 (1985). The real advantage test is used when the custodial parent with the majority of custodial responsibility wants to move with the child outside of the Commonwealth, and is inapplicable here.

Read more broadly, we understand the mother's argument to be that she is the better parent. In view of the trial judge's factual finding that the mother moved with the child to another town and enrolled her in a different school system without informing the father or the court, we see no error in the judge's factual finding that the child's best interests are better served by remaining with the father in her home community of many years and granting legal custody to the father.

2. Division of marital property. a. Timeshares. The mother claims that the trial judge did not properly consider and divide timeshares that were part of the marital estate and erred in the distribution of the proceeds of the marital home.

4

Typically, "[o]ur review of a judgment pursuant to the equitable distribution statute, G. L. c. 208, § 34, proceeds under a two-step analysis.  First, we examine the judge's findings to determine whether all relevant factors in § 34 were considered. . . .  The second tier of our review requires us to determine whether the reasons for the judge's conclusions are apparent in his findings and rulings. . . .  A judge's determinations as to equitable distribution will not be reversed unless plainly wrong and excessive" (quotations omitted). Calvin C. v. Amelia A., 99 Mass. App. Ct. 714, 722-723 (2021). The record here is inadequate to permit us to make this inquiry in full.  However, we are able to review the mother's argument by reference to the judge's findings, which summarized the parties' assets, liabilities, financial statements, and contributions to the marriage.[2]

The judge considered the § 34 factors.  At the time of the filing of the complaint the parties had been married for five years and eleven months.  The father worked as a truck driver and stagehand.  At the time of the divorce, the mother was

---

[2] The parties, both of whom make arguments based on the financial statements, provided us with the judge's decision but no financial statements.  The judge took judicial notice of the financial statements, which were not introduced in evidence by either party, and summarized them in his decision.  Neither party suggests that the judge's factual findings regarding the parties' assets and liabilities were erroneous.

working as a hairdresser, and had worked for some period of time during the marriage. The judge divided the husband's pensions equally and allocated one car to each party. He ordered that each party remain responsible for any debt held in his or her name, individually. The judge found that the timeshares, which were unvalued, were held in the father's name alone and were acquired before the marriage, and that the mother no longer had any real property acquired before the marriage. The judge awarded the assets held in each party's name to that party, including the timeshares held in the father's name.

The judge correctly treated the property acquired before the marriage as part of the marital estate, see Williams v. Massa, 431 Mass. 619, 626 n.4 (2000), but ultimately made the decision that each person in this relatively short-term marriage should take from the marriage the liabilities and assets (except the pensions) that each brought to the marriage. We discern no abuse of discretion in this division of the timeshares. See Richman v. Richman, 28 Mass. App. Ct. 655, 659-660 (1990) (describing marriage of seven years as short-term); Bacon v. Bacon, 26 Mass. App. Ct. 117, 119-121 (1988) (affirming on equitable grounds trial judge's decision to permit wife to retain premarital property).

b. Marital home. The judge had previously ordered the sale of the marital home, but the home had not been sold at the

6

time of trial. The judge found that the father paid the mortgage on the marital home without living there for one year and nine months, and that while he did not pay child support during this time, the amount of the mortgage payment exceeded any child support he might have paid. Based on his finding that the father contributed more to the preservation of the marital estate, the judge ordered that the first $20,000 of the proceeds of the sale of the marital home be paid to the father and that the sale proceeds be split equally thereafter. The mother objects to the $20,000 carve out, but we have nothing in the record (or the briefs) to suggest that this figure was either erroneous or inequitable. On the record before us, the judge did not abuse his discretion.

Conclusion. For these reasons, the amended judgment of divorce nisi is affirmed. The father's request for an award of his appellate attorney's fees is denied.

So ordered.

By the Court (Sullivan,
Shin & Hodgens, JJ.[3]),

Joseph F. Stanton

Clerk

Entered: February 28, 2023.

---

[3] The panelists are listed in order of seniority.